# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:02-CR-15-1 |
| | ) | |
| JAMES LEE WAGES, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 31.) The Government has filed a Response opposing the motion. (ECF No. 35.) The Court, having considered the arguments of the parties as set forth below, finds Defendant has failed to show an extraordinary and compelling reason for a sentence reduction and the factors under 18 U.S.C. § 3553(a) counsel against a reduction. Accordingly, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (ECF No. 31), will be denied.

## I.    BACKGROUND

On May 9, 2022, Defendant pled guilty to kidnapping in violation of 18 U.S.C. § 1201(a)(1). (Minute Entry of 5/9/2022; ECF No. 13 at 1.) Defendant was sentenced to 375 months of imprisonment. (ECF No. 13 at 2.) Defendant is 60 years old, and his current projected release date is October 11, 2028.[1]

---

[1] Fed. Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc /(last visited Aug. 14, 2025) (enter "03177-032" in BOP Register Number field).

## II.    ARGUMENTS OF THE PARTIES

Defendant is asking for compassionate release because he has been in prison since 2001 and is in poor health suffering from diabetes, high blood pressure, and high cholesterol. (ECF No. 31 at 1.) He additionally complains that the prison facility is on "lockdown all the time," has a rat infestation, and the kitchen dishwashing procedures are not sanitary which creates a risk of disease. (*Id.* at 1-2.) Defendant notes that he has earned his GED and taken BOP courses including classes on finance, victim impact awareness, and drug education. (*Id.* at 1.) He states that he has lined up a place to live upon his release. (*Id.* at 2.)

The Government has responded opposing the motion. (ECF No. 35.) The Government argues that while Defendant cites to his medical conditions as a reason for compassionate release, he suffers from chronic health conditions that are adequately managed and do not amount to an extraordinary and compelling reason for a reduction. (*Id.* at 1.) The Government further argues that a consideration of the § 3553(a) factors weighs against a reduction. (*Id.*) In support, the Government recounts the violent and terrifying nature of Defendant's crime during which Defendant forced his way into his neighbor's home, sexually assaulted the victim at knife point, threatened to kill the victim with a firearm, and forced the victim to drive Defendant from North Carolina to Kentucky. (*Id.* at 2.)

## III.  DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) an extraordinary and compelling reason exists to support a reduction; (2) a consideration of the

2

relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024)*; United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). While a court has broad discretion to consider what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A), a court is not wholly unrestricted. *See Davis*, 99 F.4th at 657. Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). The Government indicates that Defendant requested compassionate release for the warden of his institution and does not contest that Defendant has exhausted his administrative remedies. (ECF No. 35 at 5 n. 1.) Therefore, the Court will proceed to the merits of Defendant's motion. *See United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021).

### A. Extraordinary and Compelling Reasons

Defendant's primary basis for relief appears to be his poor health and the length of time he has been incarcerated. The Sentencing Commission policy statement advises a defendant's medical circumstances may establish an extraordinary and compelling circumstance when:

> (A)　　The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B)　　The defendant is—
>
> 　　(i)　　suffering from a serious physical or medical condition,

3

(ii)  suffering from a serious functional or cognitive impairment, or

(iii)  experiencing deteriorating physical or mental health because of the aging process,

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C)  The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D)  The defendant presents the following circumstances-

(i)  the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1) (A)-(D).[2]

Defendant states that he suffers from diabetes, high cholesterol, and high blood pressure, and takes many medications for these conditions.  He does not otherwise explain why his health conditions amount to an extraordinary and compelling reasons for a reduction in sentence.  He does not allege, nor does the record indicate, that he is suffering from a terminal illness, that he is suffering from a medical condition that requires specialized care that is not being provided, or that he is housed at a correctional facility at risk from an infectious

---

[2]  The Sentencing Commission policy statement also provides that an extraordinary and compelling reason exists when an inmate who "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years of 75 percent of his or her term of imprisonment, whichever is less."  U.S.S.G. § 1B1.13(b)(2).  This section is inapplicable to Defendant who is only 60 years old.

4

outbreak or public health emergency. Nor does Defendant assert that he is suffering from a cognitive or physical illness that limits his ability to provide self-care.

The Government has submitted Defendant's medical records. (ECF Nos. 36, 36-1.) The records indicate that Defendant has high blood pressure, high cholesterol, Type 2 diabetes, chronic sinusitis, psoriasis, and an abnormal heartbeat. (ECF No. 36 at 5.) He has a body mass index which classifies as obese. (*Id.* at 5-6.) Therefore, the records show that Defendant suffers from numerous chronic health conditions and generally suffers poor health. However, there is no suggestion by Defendant that he has not received appropriate care for his conditions. The medical records indicate that Defendant has chronic care visits to monitor his health issues and has also been seen by medical staff for any acute health complaints. (*See*, *generally*, ECF No. 36-1.) The medical records also show that Defendant has been prescribed at least five medications to treat his high blood pressure, high cholesterol, and diabetes. (ECF No. at 12-13; ECF 36-1 at 15-16.) Consequently, Defendant has failed to establish that his health conditions amount to an extraordinary and compelling reason for a reduction in sentence. *See*, *e.g.*, *United States v. Ayyad*, No. 8:15-CR-157, 2024 WL 3424083, at *7-8 (D. Md. July 15, 2024) (finding that serious health conditions that can be managed in prison do not establish an extraordinary and compelling reason for compassionate release); *United States v. Cross*, No. 1:18-CR-297-1, 2023 WL 4763723, at *3 (M.D.N.C. July 26, 2023) (finding chronic health conditions did not constitute an extraordinary and compelling reason for relief when adequately managed in BOP custody).

In moving for compassionate release, Defendant also notes that while in prison he has earned his GED and taken various BOP classes, including classes on victim impact awareness, drug education, and financially responsibility. Rehabilitation "is not, by itself, an extraordinary

and compelling reason" for release, but the Court may consider rehabilitation "in combination with other circumstances in determining whether and to what extent" a sentence reduction is warranted. U.S.S.G. § 1B1.13(d). The BOP records submitted by the Government reflect that Defendant has taken approximately 25 courses including math, victim impact awareness, a release preparation program, and numerous physical fitness and nutrition classes. (ECF No. 35-5 at 1.) As Defendant states, he has earned his GED. (*Id.*) While the Court recognizes these positive steps toward rehabilitation, the Court finds that Defendant's efforts do not rise to the level of an extraordinary and compelling reason for relief. Good behavior and efforts towards rehabilitation are expected of an inmate. *See United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are *supposed* to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary."); *see also United States v. McCain*, No. 1:06-CR-203-1, 2023 WL 7385546, at *8 (M.D.N.C Nov. 8, 2023) (finding no extraordinary and compelling reason where defendant showed rehabilitation but made no other successful arguments in favor of release). Moreover, Defendant's post-conviction record also includes 10 disciplinary citations including infractions for refusing to work and refusing to comply with other directives from BOP personnel. (ECF No. 35-4 at 1-3.) This undermines any argument that his rehabilitation supports early release. Accordingly, Defendant has failed to establish an extraordinary and compelling reason for a reduction in sentence based on his post-conviction behavior and rehabilitative efforts.

Defendant otherwise argues that he can show an extraordinary and compelling reason for compassionate release because of the poor prison conditions. He complains of numerous lockdowns and contends that the prison is infested with rats and is unsanitary, especially with

regards to dishwashing. (ECF No. 31 at 1-2.) These grievances present concerns about the conditions of confinement and are not properly raised in a motion for compassionate release. *See United States v. Lumpkin*, Case No. 2:12-CR-192, 2020 WL 7123109, at *2 n.3 (E.D. Va. Dec. 4, 2020) (noting conditions of confinement should not be brought in a motion for compassionate release). Moreover, even if considered as an argument that Defendant should be granted compassionate release because he is incarcerated under substandard conditions, his motion fails to demonstrate an extraordinary and compelling reason to support a reduction. The sentencing policy guidelines do not specifically address these factors but include a catchall provision that an extraordinary and compelling reason may exist when a defendant "presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reason described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4). U.S.S.G. § 1B1.13(b)(5). Defendant makes general allegations that the prison is on frequent lockdowns, rodents "run all over the place," and eating utensils are only washed in warm water. (ECF No. 31 at 1-2.) The Court finds that these complaints do not rise to the level of an extraordinary circumstance as contemplated under § 3582. *See, e.g., United States v. Cooper*, No. 2:16-CR-22, 2024 WL 2095945, at *2 (S.D. W. Va. May 9, 2024) (concluding that allegations of understaffing, long lockdowns, and frequent plumbing malfunctions did not establish "extraordinary and compelling" reason).

### B. 18 U.S.C. § 3553(a) Factors

Defendant has failed to show an extraordinary and compelling reason warranting a reduction in sentence, and therefore the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction. However, the Court

finds that even if an extraordinary and compelling reason existed, an analysis of the § 3553(a) factors would not support granting relief. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). The Court weighs whether the nature of the offense, a defendant's personal history, the sentence relative to the nature and seriousness of his offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide a defendant with effective rehabilitative circumstances, the need to avoid sentencing disparity, and other sentencing considerations weigh in favor of relief. *See id.* A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d).

A consideration of the § 3553(a) factors weighs against a reduction in sentence. Defendant's post-conviction record shows some positive behavior. However, as demonstrated by his numerous disciplinary citations, Defendant continues to have problems conforming his behavior to community expectations and rules. Moreover, the nature of the offense and Defendant's criminal history both weigh decidedly against granting a reduction in sentence. In the instant case, Defendant went to his neighbor's home, forced his way inside, and held a knife to the victim's throat. (ECF No. 22, ¶ 3.) Despite the victim begging Defendant not to hurt her, Defendant threatened to slit the victim's throat or "blow her head off" if she resisted his sexual advances. (*Id.*, ¶ 5.) Defendant sexually assault the victim multiple times and then kidnapped her, forcing her to drive him from North Carolina to Kentucky before she was able to escape. (*Id.*, ¶¶ 5, 7-8.)

In addition to the violent nature of the instant offense, Defendant has a concerning criminal background. Defendant's criminal history includes at least thirteen prior adult convictions. Theses convictions include a conviction for assault with a deadly weapon inflicting serious injury and kidnapping in which Defendant, like in the instant case, forced his way into the home of a neighbor and forced the victim at knife point to drive him to Kentucky. (*Id.*, ¶¶ 34, 39.) The instant offense occurred less than two months after Defendant completed his post-release supervision from the earlier kidnapping and assault conviction. (*Id.*, ¶ 39.) Accordingly, the Court determines the § 3553(a) factors, particularly Defendant's personal history, the need to protect the public, and the need to deter crime, weigh against granting a reduction in sentence. The Court concludes that any lesser sentence would not promote respect for the law, reflect the seriousness of the crime, protect the public, afford adequate deterrence, or provide adequate time for rehabilitation. *See* 18 U.S.C. § 3553(a)(2).

For the reasons stated herein, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (ECF No. 31), is **DENIED**.

This, the 19th day of August 2025.

/s/ Loretta C. Biggs
Senior United States District Judge